**David P. Rossmiller, OSB No. 983395**
Email: drossmiller@dunncarney.com
**Elissa M. Boyd, OSB No. 111679**
Email: eboyd@dunncarney.com
Dunn Carney Allen Higgins & Tongue LLP
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204-1357
Telephone: 503.224.6440
Fax: 503.224.7324

    Attorneys for Plaintiff
    American Hallmark Insurance Company

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| AMERICAN HALLMARK INSURANCE COMPANY OF TEXAS, a Texas corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>JOURNEY BUILT HOMES, LLC, an Oregon limited liability company; and JENNIFER WERNER, an individual,<br><br>    Defendants. | No. _____<br><br>**Complaint (Declaratory Judgment)** |

For its Complaint, plaintiff American Hallmark Insurance Company of Texas ("Hallmark") alleges as follows:

Page 1    COMPLAINT

## JURISDICTION

1. Plaintiff Hallmark is a property and casualty insurance company domiciled in the State of Texas, with its principal place of business in Fort Worth, Texas, and authorized to do business in the State of Oregon.

2. Defendant Jennifer Werner ("Werner") is an individual who resides in the State of Oregon.

3. Defendant Journey Built Homes, LLC ("Journey Built") is a construction business that is domiciled in, has its principal place of business in and is authorized to do business in, the State of Oregon.

4. The matter of controversy exceeds, exclusive of interest and costs $75,000. This Court, therefore, has subject matter jurisdiction over all claims or causes of action pursuant to 28 USC § 1332.

## VENUE

5. Venue is proper in this judicial district pursuant to 28 USC § 1391(b)(1) and (2) and LR 3.2(a) and (b).

## COMMON ALLEGATIONS

6. This suit concerns potential coverage by Hallmark for an arbitration award under insurance policies issued to Journey Built. Hallmark denies coverage, as set forth more specifically below.

7. Hallmark is in the business of issuing commercial general liability and other types of insurance in a wide variety of markets, including within the State of Oregon.

8. Werner is an individual who resides and is domiciled in the State of Oregon.

9. Journey Built is an Oregon limited liability company that performs construction work within the State of Oregon.

Page 2     COMPLAINT

10. Hallmark issued a commercial general liability policy, number 44-CL-434969, to Journey Built, with policy periods extending from December 15, 2008 until December 15, 2009; from December 15, 2009 until December 15, 2010; and from December 15, 2010 until December 15, 2011 (the "policies"). Relevant portions of the certified copies of the policies are attached to this Complaint as Exhibit 1. Hallmark pleads the terms of the policies as if fully set forth in this Complaint.

11. On or about March 21, 2009, Werner entered into a written agreement with Journey Built to act as the general contractor for a remodel to the Werner home, located at 91411 Coburg Rd. in Eugene, Oregon (the "project"). The project including adding an additional bedroom, entryway, bathroom and covered porch to Werner's existing home. Relevant portions of a true copy of the written agreement are attached to this Complaint as Exhibit 2. Hallmark pleads the terms of the written agreement as if fully set forth in this Complaint.

12. Allegedly, Journey Built performed most of the work on the project itself rather than subcontracting the work. The portion of the work that Journey Built hired subcontractors to perform included some excavation and foundation work and the plaster work. The bathroom tile work and paint work was performed by subcontractors hired directly by Werner.

13. The project was completed on or before February, 2010. Werner claims to have noticed defects in the fall of 2009 supposedly due to design flaws, faulty workmanship and construction, and/or use of improper and defective materials. The first written confirmation of the defects was a letter dated July 8, 2010.

14. As a result of these defects, Werner filed a lawsuit against Journey Built in the Circuit Court of the State of Oregon for the County of Lane (case number 16-11-08821) requesting that the court compel arbitration as contemplated in the written agreement. The court granted this request and binding arbitration took place.

15. Hallmark defended Journey Built in the arbitration under a full reservation of rights.

16. The arbitrator issued his judgment on February 10, 2012. The award amounted to $224,909.50 plus attorney fees and costs. The attorney fees and costs added $36,742.66 to the award for a total of 261,652.16. A copy of the binding arbitration award is attached to this Complaint as Exhibit 3 and Hallmark pleads the terms of the award as if fully set forth in this Complaint. On April 12, 2012 the court entered judgment against Journey built. A true copy of the statement of attorney fees and costs is attached to this Complaint as Exhibit 4 and Hallmark pleads the terms as if fully set forth in this Complaint. On April 12, 2012 the court entered judgment against Journey built.

## FIRST CLAIM FOR RELIEF

### Against All Defendants

### (Declaratory Judgment)

17. Hallmark incorporates by reference all allegations set forth in the preceding paragraphs of this Complaint.

18. The policies provide no, or very little, indemnity coverage for any of the arbitration award for the reasons set forth more specifically below. Therefore, Hallmark, as an insurer for Journey Built, is entitled to a declaratory judgment pursuant to 28 USC § 2201 that it has no obligation to indemnify Journey Built for some or all of the arbitration award.

19. The insuring agreements for the policies state that Hallmark will pay those sums that the insured becomes legally obligated to pay "as damages" because of "property damage" that is caused by an "occurrence."

20. The term "occurrence" means an accident, including "continuous or repeated exposure to substantially the same general harmful conditions."

21. The term "property damage" means "physical injury to tangible property, including all resulting loss of use of that property," and "loss of use of tangible property that is not physically injured."

22. Under the insuring agreements for the policies, insurance coverage applies only if the insured is not on notice of the property damage, in whole or in part, before the beginning of the policy period.

23. No insurance coverage is afforded to Journey Built to the extent the losses and damages awarded in the arbitration fall outside the aforementioned terms of the policies.

24. Further, the policies contain certain exclusions. These exclusions include work/product exclusions, and the exclusion of attorney fees taxed against the insured from insurance coverage.

25. The "your product" exclusion in the policies, 2(k), provides that insurance coverage does not apply to "'property damage' to 'your product' arising out of it or any part of it."

26. The "your work" exclusion in the policies, 2(l), provides that insurance coverage does not apply to "'property damage' to 'your work' arising out of it or any part of it and included in the 'products-completed operations hazard'." This exclusion does not apply if "the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor."

27. The Supplementary Payments portion of the policies, 1(e), provides that insurance coverage does not apply to "attorneys' fees or attorneys' expenses taxed against the insured."

28. No insurance coverage is afforded to Journey Built under the policies because of the application of one or more of the above exclusions.

29. Journey Built contends and/or will contend that it is entitled to indemnity in excess of $75,000 under the policies with respect to the arbitration award.

30. An actual, present and existing controversy has arisen between Hallmark and Journey Built with respect to the existence and scope of Hallmark's indemnity obligations, if any, with respect to the arbitration award and judgment. Hallmark desires a judicial declaration of its rights and duties, if any, under the policies.

WHEREFORE, Hallmark prays for judgment as follows:

1. That the Court declare that the policies do not afford indemnity for the arbitration award or the attorney fees and costs;

2. That the Court grant such other and further relief that the Court deems just and equitable.

Dated this 7th day of June, 2012.

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP


/s/David P. Rossmiller
**David P. Rossmiller, OSB No. 983395**
**Elissa M. Boyd, OSB No. 111679**
503.224.6440
Attorneys for Plaintiff
American Hallmark Insurance Company