IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AMERICAN HALLMARK INSURANCE
COMPANY OF TEXAS, a Texas
Corporation,

        Plaintiff,

      v.

JOURNEY BUILT HOMES, LLC, an
Oregon limited liability company; and
JENNIFER WERNER, an individual,

        Defendants.
_____

Case No. 6:12-cv-01020-MC

OPINION AND ORDER

MCSHANE, Judge:

    Plaintiff American Hallmark Insurance Company of Texas ("American Hallmark") moves for summary judgment, arguing it has no duty to indemnify its insured, Journey Built Homes, LLC. ("Journey Built"). Because the policy exclusions at issue do not entirely preclude coverage, American Hallmark's motion for summary judgment, ECF No. 47, is GRANTED in part.

1 – OPINION AND ORDER

## BACKGROUND[1]

Defendant Jennifer Werner hired Journey Built as a general contractor to perform fairly substantial additions and renovations to Werner's home. Several decisions during construction led to significant damages. The parties are intimately familiar with the facts, and I need not go into too much detail here as to the damage to Werner's home.

The addition consisted of an added guest suite, guest bathroom, front entryway, screened porch, and garage. (Rossmiller Decl. ¶ 2, Ex. 1). Jennifer Werner had construction plans drawn up and gave these plans to Journey Built. Journey Built had no involvement with the original design of the addition. (Roberts Decl. ¶ 2, Ex. 1). Journey Built deviated from Werner's original plans. Journey Built changed the foundation system from the concrete slab called for in the original plans to a post and pier system, and though Journey Built contacted Hill & Dale Engineering to receive approval, he did not receive a reworked construction plan or new engineering calculations for the post and pier foundation. (Rossmiller Decl. ¶ 4, Ex. 2). The redesigned foundation system built by Journey Built proved insufficient to support the residence, causing a depression in the guest suite floor and in the marble tile floor in the guest suit bathroom. (Rossmiller Decl. at ¶ 5, Ex. 4).

Journey Built also installed trusses to support the roof in the guest suite and garage. During construction, Journey Built discovered a wellhead near the residence and had to alter the location of the addition's outer wall to avoid it; therefore, Journey Built requested that the trusses be redesigned and reengineered. (First Journey Built Dep. At 47:11049:13). The altered truss design caused the trusses to bear unequal loads, and in combination with the inadequate foundation, caused cosmetic cracks to appear in the ceiling of the addition. (Rossmiller Decl. ¶ 6,

---

[1] I construe all facts in the light most favorable to defendants, the non-moving parties.

2 – OPINION AND ORDER

Ex. 5). In altering the location of the outer wall, Journey Built also requested that Hill & Dale reengineer the support for the entryway. Rossmiller Decl. ¶ 7, Ex. 6). After Hill and Dale did so, Journey Built installed a girder truss in place of the beam called for in the original plan for the addition. The engineering of the substituted girder truss was not properly done, causing the truss to separate from the wall and crack, damaging the finishes below the front entry hallway. (Rossmiller Decl. ¶ 5, Ex. 4).

Werner filed a complaint against Journey Built in state court. American Hallmark defended Journey Built in that case, subject to a reservation of rights. The case went to binding arbitration. Ultimately, the arbitrator found for Werner and awarded $262,652.16 in damages.

American Hallmark then brought this action, arguing that under certain exclusions in the policy, it has no duty to indemnify Journey Built. Werner argues genuine questions of material fact preclude summary judgment.

## STANDARDS

The court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue is "genuine" if a reasonable jury could return a verdict in favor of the non-moving party. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. *Id*. The court reviews evidence and draws inferences in the light most favorable to the non-moving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)). When the moving party has met its burden, the non-moving party must present "specific facts showing that there is a genuine issue for trial."

3 – OPINION AND ORDER

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (quoting Fed. R. Civ. P. 56(e)).

## DISCUSSION

This case turns on the interpretation of an insurance policy. Therefore, I must ascertain the intention of the parties to the policy. *Hoffman Constr. Co. of Alaska v. Fred S. James & Co. of Oregon*, 313 Or. 464, 469 (1992). I first turn to the language of the policy. *Id.* (citing ORS 742.016 (except in cases not relevant here, "every contract of insurance shall be construed according to the terms and conditions of the policy.")). If the terms and conditions of the policy are ambiguous following a plain meaning review, the court considers the terms and conditions in the particular context used and then, if necessary, in the context of the policy as a whole. *Id.* at 470. If any ambiguity remains—meaning if two or more plausible interpretations of the term remain—the court resolves the ambiguity against the drafter and in favor of the insured. *Id.* Courts examine the policy language from the perspective of the ordinary purchaser of insurance. *North Pacific Ins. Co., v. American Mfrs. Mut. Ins. Co.*, 200 Or. App. 473, 478 (2005).

The insurer has the burden of proof to show any loss is excluded. *Stanford v. Am. Guar. Life Ins. Co.*, 280 Or. 525, 527 (1977). "[A]ny ambiguity in an exclusionary clause is strictly construed against the insurer." *Id.*

The policy states American Hallmark "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." Policy, § 1 – Coverages, 1(a). As noted, the arbitrator awarded Werner $262,652.16 in damages against Journey Built. That amount is a ceiling of sorts, as it is the amount Journey Built is legally obligated to pay to Werner as damages. The issue here is whether several exclusions in the policy exclude coverage.

4 – OPINION AND ORDER

**I. PROFESSIONAL SERVICES EXCLUSION**

American Hallmark first argues that the "Professional Services Exclusion" applies to all of the damages awarded by the arbitrator. The "Professional Services" exclusion states:

> 1. This insurance does not apply to . . . "property damage" . . . arising out of the rendering of or failure to render any professional services by you or on your behalf, but only with respect to either or both of the following operations:
>
>    a. Providing engineering, architectural or surveying services to others in your capacity as an engineer, architect, or surveyor; and
>
>    b. Providing, or hiring independent professionals to provide, engineering, architectural or surveying services in connection with construction work you perform.
>
> 2. Subject to Paragraph 3, below, professional services include:
>
>    a. Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders, or drawing and specifications; and
>
>    b. Supervisory or inspection activities performed as part of any related architectural or engineering activities.
>
> 3. Professional services do not include services within construction means, methods, techniques, sequences and procedures employed by you in connection with your operations in your capacity as a construction contractor.

As noted, the parties are familiar with the work and resulting damages. As Journey Built provided no services in his capacity as an engineer, Section 1(a) clearly does not apply. Any services Journey Built provided, or failed to provide, came in his capacity not as an engineer, but as a general contractor.

American Hallmark argues section 1(b) applies because Journey Built failed to prepare the proper drawings and specifications. As noted, Werner, not Journey Built, hired the engineers for the project. Hallmark argues "it does not matter who made the original design or who hired the engineers. Hallmark's point is that Journey Built was involved with the engineering of the

5 – OPINION AND ORDER

project when its principal, Kevin Journey Built, made changes to the original plans." Reply, 3. The policy, however, does not define "engineering services."

Additionally, American Hallmark's argument ignores section 3 of the exclusion, which states "Professional services do not include services within construction means, methods, technics, sequences and procedures employed by you in connection with your operations in your capacity as a construction contractor." Whether Journey Built was involved with the engineering or whether its actions simply included "services within construction means [and] methods . . . and procedures employed by you in connection with your operations in your capacity as a construction contractor" is, at the least, a question of fact.

> Werner's expert William Slattery stated:
>
> It is my opinion, based upon my inspection and analysis of the construction defects giving rise to the claims asserted by Mrs. Werner in the Arbitration Hearing, as well as my 35 plus years of experience in the construction business, that those claims arose out of construction means, techniques, sequences and procedures employed by Journey Built in connection with its/his operations in connection with the additions constructed to Mrs. Werner's residence, and that said operations were conducted in its/his capacity as a construction contractor. Without foregoing opinions, I would note that it is incumbent upon licensed construction contractors, in their capacity as construction contractors, to provide complete and accurate information to owners, and to design professionals retained by owners, particularly when the contractor proposes or anticipates deviating from approved plans and specifications.

Slattery Decl., ¶ 9.[2]

Other evidence buttresses the conclusion that Journey Built's changes, at least in regard to the post and beam change, were not what one would consider a failure to provide engineering services. Pamela Hillstrom, the engineer on the project, was deposed in the earlier litigation. In

---

[2] American Hallmark moves to strike certain portions of Slattery's declaration, including ¶ 9. The motion to strike is denied.

6 – OPINION AND ORDER

response to the questions whether "there were any additional plans done on the conversation from the concrete slab to the post and beam" and "Is that something that would be customary to be handled just by phone," "without any additional engineering done with respect to what's being proposed or not," Hillstrom stated, "For a simple change like that? Yes." Roberts Decl., Ex. 4, 4.

As the policy does not define "engineering services," and as there is a blurred line in this instance between failing to provide engineering services and failing to provide services within construction means and methods, American Hallmark's motion for summary judgment based on the professional services exclusion is DENIED.

## II. YOUR WORK EXCLUSION

American Hallmark argues that even if the "Professional Services" exclusion does not apply, nearly all of the arbitrator's award is barred by the "Your Work" exclusion. The "Your Work" exclusion states:

> "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".
>
> This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

As relevant here, the policy defines "your work" as "Work or operations performed by you or on your behalf." The policy defines "property damage" as "Physical injury to tangible property, including all resulting loss of use of that property."

The parties appear to agree that the exclusion applies to any property damage to work Journey Built performed. Unfortunately for Werner, it appears the vast majority of the damages awarded in arbitration were for repairing Journey Built's own work, including the trusses, the foundation, and the beam.

7 – OPINION AND ORDER

Werner states, and American Hallmark appears to agree, that subcontractors, and not Journey Built, performed the following work: plaster work; painting; and carpeting and tile work in the guest suite. Resp. 7-8.[3] These are damages which Journey Built is legally obligated to pay as damages to Werner and which no exclusion in the policy applies.

Most of the damages awarded in arbitration, however, related to Journey Built's own work. The policy does not apply to those damages. Additionally, the policy only applies to "property damage," defined as "Physical injury to tangible property, including all resulting loss of use of that property." Werner argues some of the damages relate to a sagging ceiling. I agree with American Hallmark that a sagging ceiling is not "property damage" under the policy. The temporary sag in the ceiling was alleviated when the girder truss installed by Journey Built was replaced with a beam. After that point, there was no longer any sag in the ceiling and, other than a few cracks and "nail pops," there was no physical injury to tangible property. Most of the costs instead related to work necessary to replace Journey Built's own work, costs which are excluded under the policy.

Additionally, as the policy only requires American Hallmark to pay those sums Journey Built is legally obligated to pay, any damages outside of the arbitrator's award are not damages Journey Built is legally obligated to pay. On a different side of that same coin, the arbitration award is final and represents the sum Journey Built is legally obligated to pay. That Werner may have chosen a lower cost repair or replacement does not change the amount Journey Built is legally obligated to pay.

The parties shall confer regarding the exact amount of damages included in the arbitrator's award and not performed by Journey Built. American Hallmark's chart on pages 9-10

---

[3] Werner notes a subcontractor installed a concrete pad, but there is no evidence of any defect in the pad.

8 – OPINION AND ORDER

of its brief is instructive but certain damages, such as those from repairing plaster cracks in the addition, do not contain exact sums. A telephone status conference is set for 1:30 p.m. on Wednesday, January 21, 2015.

## CONCLUSION

American Hallmark's motion for summary judgment, ECF No. 45, is GRANTED in part. The arbitration award represents the ceiling of indemnification, as that is the amount which Journey Built is legally obligated to pay. The Professional Services exclusion does not apply. The Your Work exclusion applies to all work performed by the insured. A telephone status conference is set for 1:30 p.m. on Wednesday, January 21, 2015.

IT IS SO ORDERED.

DATED this 30th day of December, 2014.

_____/s/ Michael J. McShane_____
Michael McShane
United States District Judge