UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

**AMERICAN HALLMARK INSURANCE COMPANY OF TEXAS**, a Texas corporation,

Plaintiff,

v.

**JOURNEY BUILT HOMES, LLC**, an Oregon limited liability company; and **JENNIFER WERNER**, an individual,

Defendants.

No. 6:12-cv-01020-MC

**ORDER**

THIS MATTER, having come before the Court on Plaintiff's Motion for Summary Judgment (ECF No. 45), and the Court having granted the Motion in part in its Opinion and Order entered herein on December 30, 2014; and the Court having further ruled by supplemental Minute Order entered herein on February 2, 2015 that Defendant Werner's claims for damages related to carpet, plaster and tile fall within the coverage afforded under Plaintiff's policy (the

Page 1    ORDER

"Covered Claims"); and it further appearing to the Court by representation of counsel for Plaintiff and Defendant Werner that, pursuant to the Court's direction, the parties have conferred and agreed upon the amounts to be awarded Defendant Werner on account of the "Covered Claims", as well as attorney fees and costs to be awarded Defendant Werner as a result; and it further appearing from the records on file herein that Defendant Journey did not file any affidavits or other materials in opposition to Plaintiff's Motion; and there being no just reason for delay in entering a final Judgment herein; now, therefore:

IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:

1.   American Hallmark shall pay or cause to be paid to Werner $84,379.23 broken down as follows:

(a)   $58,273 for indemnity of all damages to Werner's home not excluded by the Your Work exclusion in the American Hallmark insurance policy that were alleged, or that could have been alleged in the Suit;

(b)   $26,106.23 for Werner's attorney fees and costs incurred in this action.

This aforesaid sums will be paid within 30 days of the entry of this Order, and is the entire amount owed by American Hallmark to any party for all damages, costs and fees for claims arising out of or related to this litigation, or claims that could have been asserted in this litigation; and neither of the Defendants shall have any further claims under Plaintiff's policy of insurance with respect to the project that is the subject of this litigation.

2.   Promptly upon payment of the foregoing sums, Werner shall cause a partial satisfaction of her judgment against Defendant Journey to be filed, acknowledging receipt of the sum referred to in Paragraph 1(a) of this Order as partial payment of said judgment; and she shall

/ / /

further cause an amended proof of claim to be filed in Kevin Journey's Chapter 13 Bankruptcy proceeding to reflect the receipt of said sum.

3.  Except as expressly provided above, the above captioned matter, including all claims and counter claims asserted by any party, are hereby dismissed with prejudice.

IT IS SO ORDERED.

DATED this __16__ day of June, 2015.

_____
Michael McShane
United States District Judge

Page 3     ORDER

DCAPDX_1766258_v1